Lois H. Goodman, Esq.
**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
**Three Gateway Center**
**100 Mulberry Street**
**Newark, New Jersey 07102-4079**
Attorneys for Plaintiff
Days Inns Worldwide, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INNS WORLDWIDE, INC. [formerly known as DAYS INNS OF AMERICA, INC.], a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br>MAYU & ROSHAN, LLC; BABU PATEL, an Individual; and URESH PATEL, an Individual,<br><br>Defendants | Civil Action No.: 06-1581 (PGS)<br><br>**SUPPLEMENTAL ORDER GRANTING ATTORNEYS' FEES**<br><br>**DOCUMENT ELECTRONICALLY FILED**<br><br>(Returnable December 18, 2006) |

This matter having been opened to the Court by way of motion filed by plaintiff, Days Inns Worldwide, Inc., formerly known as Days Inns of America, Inc. ("DIW"), by its attorneys, McElroy, Deutsch, Mulvaney & Carpenter, LLP, seeking the entry of final judgment by default against defendants, Mayu & Roshan, LLC f/k/a Roshan, LLC, ("Roshan"), Babu Patel, and Uresh Patel (collectively referred to as ("defendants") pursuant to Fed. R. Civ. P. 55 (b)(2); and it appearing that the Complaint in this matter was filed on or about April 4, 2006, seeking damages as a result of the breach and premature termination of a license agreement between DIW and Roshan which was subject to a Guaranty entered into between DIW, Babu Patel and Uresh Patel; and service of a copy of the Summons and Complaint having been effectuated on defendants by personal service on or about April 26, 2006, and the time for answering the Complaint having

expired; and defendants having not been granted an extension of time within which to interpose an answer, having failed to interpose an answer or otherwise respond to the Complaint; and default having been duly noted by the Clerk of this Court against defendants on June 23, 2006, for their failure to plead or otherwise defend in this action; and DIW having provided defendants with notice of the motion for default judgment and related documentation; and the Court having granted Final Judgment by Default in favor of DIW on June 6, 2007, and the Court having reviewed the papers; and good cause having been shown:

**IT IS** on this ___2___ day of __November__, 2007,

**ORDERED, ADJUDGED AND DECREED**, that DIW have judgment against defendants in the amount of $6,708.00, which constitutes attorneys' fees and costs of suit.

_____

The Honorable Peter G. Sheridan, U.S.D.J.

957491-1

2